FILED
SUPERIOR COURT
OF GUAM

2020 AUG 12 PM 4: 55

CLERK OF COURT

By:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | Criminal Case No. <u>CM0786-15</u> |
| vs. | |
| **DONALD JUNIOR TAIJERON,** | **DECISION AND ORDER RE RESTITUTION** |
| DOB: 05/25/1988 | |
| Defendant. | |

The Court here considers whether to award restitution following Defendant Donald Junior Taijeron's guilty plea to Criminal Mischief. Upon consideration of the parties' arguments, appropriate legal authorities, and the evidence in the record, the Court determines that no restitution shall be awarded.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Taijeron pleaded guilty to Criminal Mischief (As a Misdemeanor). Plea Agreement (July 10, 2017); J. (Jul. 10, 2017). The underlying offense involved damage to a portable bar and its contents during a pageant at the Sheraton Hotel. Pursuant to his plea agreement, Defendant agreed that he "shall be liable to [Sheraton] for restitution, if any." Plea Agreement at 3; J. at 3.

While Taijeron was under probation, the People of Guam filed a restitution request seeking $4,723.99 in property damage. People's Restitution Request (July 24, 2018). The restitution request attached a Sheraton Hotel "Food & Beverage Damage Report" and invoices from various alcohol vendors.

The Court commenced the evidentiary hearing on restitution on December 17, 2019, but the People failed to appear. The Court continued the hearing to January 3, 2020. On January 3, 2020, with all parties in attendance, the People called one witness: Mr. John Falan, Food and Beverage Manager at Sheraton Hotel. Per Mr. Falan's testimony:

1. At the time Taijeron's incident occurred, Mr. Falan was elsewhere on the Sheraton premises.

2. Mr. Falan lacks personal knowledge as to whether the destroyed bottles of alcohol were full, partially full, or empty.

3. Mr. Falan did not order the replacements for the destroyed bottles.

4. Mr. Falan did not know if Sheraton could have repaired, rather than replaced, the damaged portable bar.

5. Mr. Falan did not know whether Sheraton held an insurance policy that covered the damaged items, whether Sheraton filed a claim against that insurance policy, or whether Sheraton received insurance monies for the damaged items.

6. Mr. Falan did not prepare Sheraton's damages report or assist in the preparation of the report. Mr. Falan testified that he had no personal knowledge of any specific damage figures and that his knowledge stemmed from reading the report.

Following Mr. Falan's testimony, the People and Taijeron each indicated they did not intend to call other witnesses. However, the People asked for a continuation to gather and submit additional documentary evidence. The Court granted this request and continued the hearing to February 7, 2020.

On February 7, 2020, the People produced no new documents and no further witnesses. However, the People did move to admit their Restitution Request into evidence. Taijeron's

counsel objected and requested a continuance to review the Restitution Request further. The Court granted Taijeron's request, declined to admit the Restitution Request into evidence at that time, and continued the hearing to March 6, 2020.

On March 6, 2020, the People produced no new evidence but requested yet another continuance. The Court reluctantly continued the hearing to April 3, 2020. Critically, the People did not move to admit the Restitution Request into evidence at this hearing.

The Court held no hearing on April 3, 2020, because of the COVID-19 court closure. The Court rescheduled the continued hearing for July 10, 2020, and gave notice to the parties. Not. Remote Hearing (Jun. 12, 2020).

On July 10, 2020, the People failed to appear. The Court noted on the record that the Restitution Request was still not admitted as evidence. Minute Entry (Jul. 10, 2020). To effectuate finality in this long-running case, the Court elected to take the matter under advisement.

According to the Adult Probation Office, other than restitution, Defendant has successfully completed all conditions of his probation term. Minute Entry (Jul. 6, 2020).

## II.    <u>CONCLUSIONS OF LAW</u>

Guam law requires restitution in cases where the offender has been convicted of a crime involving damage to the property of the victim. 9 GCA § 80.53. The Court may order a defendant convicted of a misdemeanor to pay up to $1,000.00. *Id.* § 80.50(c). Alternatively, the Court may order the defendant to pay an "amount equal to double the . . . loss to the victim caused by the conduct constituting the offense by the offender." *Id.* § 80.50(e). "Loss" means "the amount of value separated from the victim." 9 GCA § 80.50(e). The Court need not make

specific findings to support restitution awards below $10,000.00, but must make specific findings for awards exceeding $10,000.00. *See People v. Mallo*, 2008 Guam 23 ¶¶ 40-43.

Guam law does not delineate the burden of proof in restitution matters. *See People v. Faisao*, 2018 Guam 26 ¶ 13 n.1. In the federal system, the government bears the burden of establishing loss by a preponderance of the evidence. *Id.; see also* 18 U.S.C.A. § 3664(e) (federal restitution statute). Confronted with this question, the *Faisao* court declined to adopt the federal rule, electing instead to "assume solely for the purpose of [the case]" that the People bear the burden of establishing loss by a preponderance of the evidence. *Faisao,* 2018 Guam 26 ¶ 13 n.1. The Guam Supreme Court has not since revisited this issue, so without further guidance, the Court will utilize the preponderance of the evidence standard.

Under federal law, the preponderance standard requires a restitution order to be "supported by evidence in the record showing that it is more likely than not that the defendant's offense proximately caused the losses for which restitution was awarded *and that it did so in the amounts awarded.*" *United States v. Tsosie*, 639 F.3d 1213, 1222 (9th Cir. 2011) (emphasis added). Furthermore, the Court must only consider restitution evidence that offers "sufficient indicia of reliability to support its probable accuracy." *Id.* at 1221-22.

There is little doubt that Taijeron's offense caused Sheraton to suffer some loss, but the People's evidence does not support the award they seek. The People never moved their Restitution Request into evidence, so the Court cannot consider the invoices and documents appended to it. The record contains the testimony of just one witness, John Falan. The Court finds Mr. Falan's testimony to be credible but ultimately unhelpful for the People's position. Mr. Falan testified that he was not present at the scene of the incident and that he lacks any personal knowledge about the quantity, values, or replacement costs for any damaged items. Additionally,

Mr. Falan testified that he lacks any knowledge as to whether Sheraton had already received compensation for their loss through insurance. The record therefore contains no evidence on these critical issues. In short, because Mr. Falan lacks personal knowledge regarding Sheraton Hotel's loss, his testimony offers no indicia of reliability to support its probable accuracy. His testimony, standing alone, does not provide a sufficient basis for the Court to make *any* specific findings as to Sheraton Hotel's loss.

## III.    CONCLUSION AND ORDER

The People had opportunities at five separate hearings, across more than eight months, to present additional evidence regarding Sheraton Hotel's alleged loss. At a bare minimum, the People could have appeared on July 10, 2020, to move their Restitution Request into evidence. Having not met this burden to support a restitution award by a preponderance of the evidence, the Court **DENIES** the People's Restitution Request.

Dated this 12th day of August 2020.

 

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
For the People of Guam:  Assistant Attorneys General Woodrow Pengelly, Leonard Rapadas, and Basil O'Mallan from the Office of the Attorney General
For Defendant:  Assistant Public Defenders Kristine Borja and David Highsmith from Public Defender Service Corporation